IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMEL WALKER,

        Plaintiff,                   No. CIV-S- 08-3034 WBS KJM P

    vs.

JASON ROHRER, M.D.,

        Defendant.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983, alleging that defendant Rohrer was deliberately indifferent to his serious medical needs when Rohrer refused to renew medical orders to have plaintiff housed on the first floor of the prison. Defendant has filed a motion for summary judgment.

I. Summary Judgment Standards

        Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

/////

/////

/////

1

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict

for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On May 14, 2009, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999) and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

/////

II. <u>Undisputed Facts</u>

On July 28, 2007, plaintiff was shot in the right hip during a riot at High Desert State Prison. Depo. of Jamel Walker (Walker Depo.) at 14:25, 16:10-12.[1] He had surgery the following day and three pins were placed in his hip. <u>Id</u>. at 17:7; Opposition (Opp'n) at 7.[2] When he returned to High Desert, he was in a wheelchair and so was assigned to the Correctional Treatment Center (CTC). Walker Depo. at 19:23. After he began using a walker, in October 2007, plaintiff was released to Administrative Segregation (Ad Seg), where he was given an accommodation chrono for assignment to a lower bunk on a lower tier, which meant that he was housed on the ground floor of a housing unit, in a ground level bed. <u>Id</u>. at 20:8-18; Mot. for Summ. J. (MSJ), Decl. of J. Rohrer (Rohrer Decl.) ¶¶ 8-9. Although the chrono was written for ninety days only, plaintiff was given a lower bunk on the ground floor during the rest of his placement in Ad Seg. Walker Depo. at 17:24-25, 18:6-7; MSJ, Ex. B. During physical therapy sessions in March and April 2008, plaintiff was counseled to walk without his cane as much as possible and to work on developing a normal gait. Medical records reflect that he told the physical therapist he continued to have hip pain, but mostly at night. Rohrer Decl., Ex. A.

On July 15, 2008, plaintiff was transferred to California State Prison–Solano. Walker Depo. at 23:15-18. He asked a nurse for assignment to a lower bunk and a lower tier and when her request was ignored, he filed a grievance. <u>Id</u>. at 24:24-25, 25:6-11. During this time, climbing stairs and getting into a top bunk caused him pain. <u>Id</u>. at 25:13-14.

---

[1] Defendant has lodged a certified copy of the deposition with the court, which the court relies on. Although plaintiff also has submitted portions of the deposition as Exhibit A to his motion for summary judgment, they are not properly certified. <u>See</u> <u>Orr v. Bank of America, NT & SA</u>, 285 F.3d 764, 774 (9th Cir. 2002).

[2] The court relies on the page numbering assigned by its ECF system. In referencing the "Opposition," the court refers to the document plaintiff has filed in opposition to defendant's motion, which he has titled "Objections." Many of plaintiff's exhibits, including the one cited here, are medical records. Although there is no formal authentication, defendant has not objected and the records are authenticated by characteristics distinctive to the time of their creation. Fed. R. Evid. 901(b)(4).

1   On August 19, 2008, plaintiff had an appointment with defendant, Dr. Rohrer.
2  Walker Depo. at 28:16; Rohrer Decl. ¶ 7.  Plaintiff told defendant that his right hip hurt from
3  walking up and down the stairs.  Walker Decl. ¶ III 2[3]; Walker Depo. at 28:25, 29:1.  After
4  reviewing plaintiff's medical records, however, defendant believed that plaintiff should not be
5  given a lower tier chrono because the continued weakness in plaintiff's right leg stemmed in part
6  from non-use and atrophy, which would progress if plaintiff avoided using the leg.  Rohrer Decl.
7  ¶ 7.  Defendant examined plaintiff's legs and tested his reflexes.  Walker Depo. at 28:19-22.  He
8  told plaintiff he would give him a lower bunk chrono and some Motrin, but said that plaintiff
9  needed to strengthen his leg by using the stairs.  Walker Depo. at 29:2-5, 19-21; Rohrer Decl. ¶ 7.
10 Defendant also wrote orders referring plaintiff to physical therapy and issuing him a cane.  Rohrer
11 Decl., Ex. C.

12   Plaintiff was housed in an upper tier until November 2008, when Correctional
13 Officer Freitas moved him.  Walker Depo. at 31:19-25, 33:21; Opp'n, Decl. of Christopher
14 Marshall.  Using the stairs continued to be painful for him.  Walker Decl. ¶ III 15-16.  In July
15 2009, a Dr. Shadday gave plaintiff a new lower tier chrono and more powerful pain medication.
16 Walker Decl. ¶¶ III 10-12; Opp'n at 8.

17 III. Analysis

18   In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that
19 inadequate medical care did not constitute cruel and unusual punishment cognizable under
20 section 1983 unless the mistreatment rose to the level of "deliberate indifference to serious
21 medical needs.

> In the Ninth Circuit, the test for deliberate indifference consists of
> two parts. First, the plaintiff must show a serious medical need by
> demonstrating that failure to treat a prisoner's condition could result
> in further significant injury or the 'unnecessary and wanton
> infliction of pain. " Second, the plaintiff must show the defendant's

---

[3] Plaintiff's declaration is the primary document plaintiff has submitted, under the title "Objections," in opposition to defendant's motion.

> response to the need was deliberately indifferent. This second
> prong-defendant's response to the need was deliberately indifferent-
> is satisfied by showing (a) a purposeful act or failure to respond to
> a prisoner's pain or possible medical need and (b) harm caused by
> the indifference. Indifference may appear when prison officials
> deny, delay or intentionally interfere with medical treatment, or it
> may be shown by the way in which prison physicians provide
> medical care.

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations & quotations omitted); see also McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled in part on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997). A medical need is serious if failure to treat the condition could cause further significant injury or the unnecessary and wanton infliction of pain. McGuckin, 974 F.2d at 1059.

A showing of merely inadvertent or even negligent medical care is not enough to establish a constitutional violation. Estelle, 429 U.S. at 105-06; Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998). A difference of opinion about the proper course of treatment is not deliberate indifference nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Defendant does not dispute that plaintiff's continuing problems with his hip and leg constitute a serious medical need, but argues that he was not deliberately indifferent because he decided against issuing the lower tier chrono after reviewing plaintiff's records, examining plaintiff and concluding that plaintiff should use his leg by taking the stairs to prevent atrophy. MSJ at 5.

The undisputed facts in this case show that plaintiff was given a lower tier, lower bunk chrono soon after his surgery and was continued on such placement even after the initial ninety day chrono expired. Plaintiff suggests that defendant did not read his complete medical record and thus suggests defendant was unaware of plaintiff's history of injury and surgical repair. But plaintiff offers nothing but his own speculation to counter defendant's assertion that he in fact

reviewed plaintiff's records and relied on all of plaintiff's medical history in deciding not to renew the lower tier chrono. Compare Walker Decl. ¶ III 6 with Rohrer Decl. ¶ 5. Plaintiff's speculation does not create a disputed issue of fact. See Shakur v. Schriro, 514 F.3d 878, 890 (9th Cir. 2008) (conclusory affidavits that do not affirmatively show personal knowledge are insufficient). The evidence thus shows that defendant consulted plaintiff's records, examined plaintiff and exercised his medical judgment in concluding that the moderate exercise provided by stair climbing would strengthen plaintiff's leg and thus prevent atrophy. The undisputed evidence also shows that defendant did not simply ignore plaintiff's medical history and current complaints, but rather gave plaintiff a lower bunk chrono, medication and prescribed other measures to deal with plaintiff's continuing problems. Plaintiff has not shown that defendant's choice of treatment was medically unacceptable or was prescribed in disregard of plaintiff's circumstances. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

The evidence also shows that after plaintiff's interaction with defendant, a different doctor named Dr. Shadday reinstated plaintiff's lower tier and lower bunk chronos on a temporary basis. Although plaintiff does not argue so explicitly, he suggests this shows defendant's actions were medically unacceptable. However, a difference of opinion, even a difference of medical opinion, does not amount to deliberate indifference in and of itself. Sanchez, 891 F.2d at 242. Plaintiff has not shown more than a difference of medical opinion and so has not borne his burden of showing the existence of a disputed issue of material fact.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment (docket no. 23) be granted.

/////
/////
/////
/////
/////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 8, 2010.

_____
U.S. MAGISTRATE JUDGE

2

walk3034.57